IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

ROY ROBINSON,

Petitioner,

v. Case No. 1:26-cv-01092-JDB-jay

WARDEN SHAWN PHILLIPS,

Respondent.

---

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING § 2254 PETITION AS TIME-BARRED,
DENYING PETITIONER'S MOTION TO STAY,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

Before the Court is the pro se petition, under 28 U.S.C. § 2254, (the "Petition") of Roy Robinson, Tennessee Department of Correction prisoner number 558847, an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. (Docket Entry ("D.E.") 1.) Also before the Court is his "Motion to Stay and Abey All Federal Habeas Corpus Proceedings."[1] (D.E. 10.)

The Respondent, Warden Shawn Phillips, has filed a motion to dismiss the Petition. (D.E. 12.) The inmate has not responded and the time for doing so has expired. (*See* D.E. 4.)

---

[1]The prisoner's motion seeks a stay based on his alleged recent discovery "that his court appointed attorney in his State-Court Post-Conviction Proceedings, told [his] mother to inform him that a Rule 11 Application for Permission to Appeal, to the Tennessee Supreme Court would be filed on his behalf." (D.E. 10 at PageID 577.) There is no reason to stay the instant federal habeas proceedings because, as discussed in this order, the Petition is time-barred, and Robinson's new information would not impact the Court's disposition of the case.

BACKGROUND

Robinson[2] was convicted in 2015 of aggravated assault and second-degree murder. The state trial court imposed an effective sentence of twenty years' imprisonment. Defendant filed a direct appeal, and the Tennessee Court of Criminal Appeals ("TCCA") affirmed the judgments of conviction. *See State v. Robinson*, No. W2016-00263-CCA-R3-CD, 2017 WL 2199174, at *4 (Tenn. Crim. App. May 18, 2017). The Tennessee Supreme Court denied discretionary review on August 18, 2017. (D.E. 11-17.) Defendant did not file a petition for writ of certiorari with the United States Supreme Court.

The prisoner filed a pro se state petition for post-conviction relief on August 13, 2018,[3] (D.E. 7-1 at PageID 30) and, later, an amended petition through appointed counsel (*id*. at PageID 55-56). The state post-conviction trial court held an evidentiary hearing and denied relief in a written order. (*Id*. at PageID 88-102.) Defendant appealed the denial of post-conviction relief to the TCCA. (*Id*. at PageID 103.) The TCCA dismissed the appeal for lack of jurisdiction because Defendant's pro se notice of appeal, which was filed while he was represented by counsel, was a legal nullity, and appointed counsel had failed to file a notice of appeal. *See Robinson v. State*, No. W2024-01916-CCA-R3-PC, 2026 WL 1781863, at *10 (Tenn. Crim. App. June 22, 2026). Defendant did not seek permission to appeal to the Tennessee Supreme Court.

[2]When discussing the underlying criminal case, the Court will sometimes refer to Robinson as the "Defendant."

[3]This is the date that Petitioner claims to have given his pro se state petition "to prison authorities for mailing." (D.E. 7-1 at PageID 30.); *see Edmonston v. State*, No. M2020-01110-CCA-R3-PC, 2022 WL 517356, at *4 (Tenn. Crim. App. Feb. 22, 2022) (explaining that "post-conviction petition prepared by incarcerated pro se litigant is deemed timely 'if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing'") (quoting Tenn. R. Sup. Ct. 28 § 2(G)). The Shelby County Criminal Court Clerk received the petition on August 14, 2018. (D.E. 7-1 at PageID 26.)

The Petition herein was filed on April 4, 2026,[4] alleging claims of ineffective assistance of counsel and prosecutorial misconduct. Respondent argues that the Court need not address the merits of the asserted claims because the Petition is time-barred.

ANALYSIS

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[5]

Defendant's direct appeal concluded on August 18, 2017, when the Tennessee Supreme Court denied his application for discretionary review. The limitations period was then tolled ninety

---

[4]This is the date the prisoner signed the Petition and certified that he had placed it into the prison mail system. (D.E. 1 at PageID 10.) Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule to civil actions by pro se prisoners in *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk via first-class, postage-prepaid mail.

[5]Under § 2244(d)(1), the limitations period begins to run from the latest of the four specified circumstances. In this case, however, there is no reason to conclude that the limitations period for the issues raised by Petitioner commenced at any time later than the date on which his conviction became final.

days—until November 16, 2017—during which time Robinson could have, but did not, file a petition for a writ of certiorari with the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007) (acknowledging that direct review under § 2244(d)(1)(A) "encompass[es] review of a state conviction by [the Supreme] Court"); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (stating that "under § 2244(d)(1)(A), the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired"). The statute of limitations resumed running the next day on November 17, 2017. *See* Fed. R. Civ. P. 6(a)(1)(A) (providing that, "[w]hen the period is stated in days or a longer unit of time . . .[,] exclude the day of the event that triggers the period"). The earliest that the inmate could have filed his state habeas petition was on August 13, 2018.[6] By that time, 269 days of the one-year limitations period had elapsed. The filing of Robinson's state post-conviction application paused the limitations period. *See* 28 U.S.C. § 2244(d)(2) (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection").

The state post-conviction trial court denied habeas relief on November 7, 2024. (D.E. 7-1 at PageID 102.) The prisoner's pro se notice of appeal to the TCCA did not toll the limitations period. He was represented by counsel at the time of filing, and the pro se notice was deemed a legal nullity by the TCCA. *Robinson,* 2026 WL 1781863, at *10. Because the TCCA dismissed Defendant's appeal for lack of jurisdiction, it was not "properly filed" and did not toll the limitations period. *See* 28 U.S.C. § 2244(d)(2); *see also Artuz v. Bennett*, 531 U.S. 4, 9 (2000)

[6]The Court notes that Robinson's state habeas petition was signed before a notary on August 3, 2018, but even if the Court were to use this date, the Petition would still be untimely.

("If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, . . . it will be *pending*, but not *properly filed*.").

Accordingly, the statute of limitations resumed on December 8, 2024, the day after the inmate's time to file a notice of appeal with the TCCA had expired. *See* Tenn. R. App. P. 4(a) (providing that "an appeal as of right" to the TCCA must be initiated "within [thirty] days after the date of entry of the judgment appealed from"). The limitations period expired ninety-six days later on March 13, 2025.

The Petition, which Robinson declares that he placed in the prison mail system on April 4, 2026, was filed over a year after the limitation's period had expired and is therefore untimely.

A. Equitable Tolling.

The one-year limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks omitted). The doctrine of equitable tolling should be applied only "sparingly." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The petitioner carries the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Petitioner does not argue that he is entitled to equitable tolling. He represents that the Petition is timely. He did not respond to Phillips's motion to dismiss. Therefore, he has failed to satisfy his burden of showing that he is entitled to equitable tolling. *See id.*

B. Actual Innocence.

The limitations period may also be "overcome" through a "gateway" claim of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Petitioner, however, fails to raise a

credible claim of actual innocence that would entitle him to equitable tolling of the limitations period. He does not claim that new evidence shows he is factually innocent of his state-court convictions and claims that he is legally innocent because he acted in self-defense. The Sixth Circuit has refused to apply equitable tolling based on actual innocence where the petitioner's self-defense argument "rests upon asserted legal innocence," not factual innocence. *Harvey v. Jones*, 179 F. App'x 294, 298 (6th Cir. 2006).

Accordingly, Petitioner is not entitled to equitable tolling of the limitations period based on actual innocence.

CONCLUSION

Because the Petition is time-barred, the Court GRANTS Respondent's motion to dismiss and DISMISSES the Petition WITH PREJUDICE. Petitioner's motion to stay is DENIED. The Court will enter judgment for Respondent.

APPELLATE ISSUES

No § 2254 petitioner may appeal without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see Dennis v. Burgess*, 131 F.4th 537, 539 (6th Cir. 2025). A petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). If the district court denies relief on a procedural ground without reaching the underlying constitutional claim, a COA should issue when the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not debate the Court's conclusion that the Petition is time barred, the Court DENIES a COA.

A party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal in forma pauperis ("IFP"), the prisoner must file his motion to proceed IFP in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). For the same reasons the Court denies a COA, the Court CERTIFIES that any appeal would not be taken in good faith. Leave to appeal IFP is DENIED.[7]

IT IS SO ORDERED this 14th day of October 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

[7]If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed IFP and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).